James O. Shackelford, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court at Memphis, by the complainants, against the defendants, Brown, Byrne and McAnally, to redeem a lot in the City of *506 Memphis, purchased by J. L. McAnally, of the defendant, John Brown.
The record presents the following state of facts: On the 10th of March, 1856, J. L. McAnally purchased of John Brown, the lot in controversy, for the sum' of $1,006.15; for which he executed his two notes — one for $400, and the other for $606. There was also a lien on the land for the balance of the purchase money, owing by Brown to C. W. Hill, for about $580; which debt, with interest, was evidenced by notes secured by the indorsement of W. H. Cheeseman and Coleman, which were assumed to be paid by McAnally. Brown executed a deed in fee simple to McAnally; and at the same time, he, McAnally, executed a trust deed to Brown and G. B. Locke, reciting the debts owing for the purchase money; and providing if they Avere not paid at maturity, the trustee, Locke, after giving ten days’ notice of the time and place of sale, etc., by advertising, etc., to expose and sell the said lot to the highest bidder, for cash, and appropriate the proceeds to the payment and satisfaction of the debts that may be due. The equity of redemption was expressly Avaived by the terms of the deed of trust. The note of $606, not having been paid at maturity, the trustee advertised the lot according to the terms of the deed; and on the first day of October, 1857, sold the same to the highest bidder, for cash; and John Brown became the purchaser, for the sum of $200; and a deed was executed to him by Locke, the trustee. On the first day of October, 1859,' McAnally tendered to the defendant, Brown, in gold, the amount bid by him, Avith the interest thereon, *507 and demanded a conveyance of the lotj which was refused by Brown, unless he would pay him the balance of the purchase money; which was declined. On the 28th of November, 1859, McAnally sold and conveyed the lot to Miller & Mitchell, for the consideration of $1,100 — $300 in cash, and the balance secured by note. On the 19th of April, 1860, defendant, Brown, sold and conveyed the lot to defendant, Byrne, for the consideration of $923 — part cash, and the balance secured by note. The lot was not absolutely held until after the sale to Byrne, who erected a dwelling thereon. The amount of money tendered by McAnally to Brown, was not paid into court. There was an offer in the bill to pay it in.
The cause was heard upon the pleadings and proof. The Chancellor was of opinion, McAnally having, within two years, tendered to Brown the amount, with interest thereon, bid by him for the lot, was entitled to redeem it; and the equitable right having, by the tender, vested in him under the provisions of the statutes, his vendees became thereby vested with his equitable interest; and were entitled to recover the possession upon paying the amount bid by Brown, with interest. He decreed Brown a specific lien upon the - lot, for the sum of the $200 tendered, with the interest, and directed an account of the rents, and profits; from which decree there was an appeal to this Court.
The questions presented for consideration, arise upon the legal effect of the tender made by McAnally to Brown, of the purchase money bid .by Brown at the trustee sale, the 1st of October, 1857; the right of re *508 demption being 'waived by McAnally in the deed. It was held by this Court, in the case of Cherry, Caldwell & Co. vs. Bowen, 4 Sneed, 415, the waiver of the equity of redemption, in a mortgage, or trust deed of the nature of a mortgage, is, in the view of a court of equity, not binding on the mortgagor. This decision was recognized as the law of the land, until changed by An Act of the Legislature. And as this deed was executed before a change of the law, we regard it as an authority controlling this question. The tender having been made within the time provided by the statute, McAnally became thereby vested with an equity in the lot, that could be enforced in a court of chancery, and entitled him or his assignees, to have the legal title divested out of the purchaser, and have it vested in him or them, if there are no intervening equities. Mc-Anally had purchased of Brown, the lot in suit; received a deed therefor; and executed the trust deed to secure, not only the notes executed by him, but also to pay the two notes of $580, owing by Brown to Hill; which were a specific lien upon the lot. Upon the sale of the lot by the trustee, and his deed to Brown, he became thereby vested with the legal title. What interest did McAnally acquire by his offer to redeem? Not the legal title; but only an equitable interest, that could be enforced in a court of chancery. Brown having the legal title, will a court of chancery divest him of it, and vest it in McAnally or his assignees, without compelling the payment of the amount owing him, which was a specific lien upon this lot; and also the debt of Brown to Hill, secured by the deed? We *509 think not. It is a well settled principle, that a party who has the legal title, will not be forced to part with it until the debts he has against the party are satisfied —growing out of the transaction. The rule is, the party holding the legal title, cannot be forced to a conveyance, until the debts are paid: 2 Head, 85; 6 Humph., 438; 5 Humph., 59.
The complainants, being the assignees of McAnally, cannot occupy a more favorable position than he could, if he were suing. They acquired, by the assignment of his interest, his equity; which they have the right to enforce, but upon the same conditions that would be imposed upon him, if he was asking to have the title divested. Brown was willing to permit him to redeem, upon his paying the purchase money agreed to be paid for the lots, with the interest; and this, we think he had a right to demand; and to hold the title, until his debts against McAnally, as wrell as the debt to Hill, were paid. Brown’s vendee, Byrne, was not an innocent purchaser; he took the estate subject to the claims of complainants.
Such are the principles of law applicable to this case. In the settlement of the equities between the parties, Brown having sold to Byrne, and a part of the purchase money having been paid to Brown, the amount due him from McAnally should be paid into court; and after paying Byrne, and the debt due Hill, the balance paid over to Brown. But, inasmuch as there was no offer on the part of complainants to pay the amount due Brown from McAnally, nor was the amount tendered by McAnally, paid into court, and it *510 does not appear what is owing, the decree of the Chancellor will be reversed, the cause will be remanded; and the complainants have leave to amend their bill, and the proper steps taken to settle the rights of the parties, according to the principles announced in this opinion.
Complainants having. no equities against McAnally, the injunction granted, will be discharged.